DAVID K. COX, in Error, *v.* ISAAC BALLENTINE.

POWER. *Of disposition of absolute owner of personal property. How far within legislative control.* The absolute owner of personal property has the right to sell or otherwise dispose of it, at his discretion, and the Legislature has no power to prohibit him. But the Legislature may, from motives of public policy, restrain creditors from taking, by execution, or other legal pro-

David K. Cox, in Error, *v.* Isaac Ballentine.

cess, certain articles of property which are necessary for the maintenance and support of families of improvident or unfortunate debtors.

Cases cited: Lucas *v.* Love, MSS. Code, Sec. 2,863.

FROM GILES.

Appeal from the Circuit Court. A. M. HUGHES, Judge.

———— BROWN for Cox.

JNO. A. TINNON for Ballentine.

DEADERICK, J., delivered the opinion of the Court.

Defendant in error brought an action of replevin against Cox, before a Justice of the Peace of Giles County, for two mules, and had judgment in his favor before the Justice. Cox appealed to the Circuit Court, and verdict and judgment were rendered against him, and he has appealed in error to this Court. He insists that the affidavit is not such as is required in replevin cases. No exception upon this ground was taken below, and the defect, which is formal rather than substantial, if the exception had been taken while the cause was pending before the Justice or in the Circuit Court, might have been amended under the broad provisions of § 2,863 of the Code. Exceptions were also taken to the charge of the Court. The Court charged the jury that if the " plaintiff (Ballentine) was the head of a family and owned only two head of horses or mules, he

David K. Cox, in Error, *v.* Isaac Ballentine.

could not sell, barter, exchange, or mortgage the horses or mules, except for the benefit of his family."

This was error. If the plaintiff below was the absolute owner of the property, he had the right to sell or otherwise dispose of it, as he might see fit. The Legislature could not prohibit him as owner from selling it, or otherwise disposing of it, but the Legislature may, from motives of public policy, restrain creditors from taking by execution or other legal process, certain articles of property which are necessary to the maintenance and support of the families of improvident or unfortunate debtors. This distinction between the prohibition of the creditors, and the rights of the head of the family, who is the absolute owner of the property, is taken in the case of *Lucas* v. *Love*, decided at the last term of this Court.

The judgment must be reversed and the cause remanded to the Circuit Court for another trial, when an opportunity may be had of explaining with more particularity the items of the mutual dealing and accounts between the parties, to the end that the title to the mules may be ascertained.