Mynatt v. Magill.

HOWARD MYNATT v. J. H. MAGILL.

PRACTICE AND PLEADINGS. *Supersedeas to quash levy. Exempt property. Lien in a note.* Upon the supersedeas of a justice's execution to quash a levy on exempt property, the defense was that the debtor had given the creditor a lien on the property by the note on which the judgment was rendered; whereupon the debtor filed an amended petition, alleging that the provision of the note giving a lien was inserted by the creditor without his knowledge. Held, that the whole litigation should be tried in one forum, and the creditor was given his election to withdraw all objection to the jurisdiction of the court of law over the matter of the amended petition, or to have the levy quashed without prejudice to his remedy in equity.

---

FROM BRADLEY.

---

Appeal in error from the Circuit Court of Bradley county. J. B. HOYLE, J.

J. N. AIKEN for Mynatt.

J. H. GAUT for Magill.

COOPER, J., delivered the opinion of the court.

Mynatt superseded a justice's execution against him in favor of Magill, and moved to quash the levy on a lot of corn, upon the ground that the corn was exempt from execution, which motion was refused and his petition dismissed; whereupon he appealed in error.

The note on which the justice's judgment was rendered, after the usual promise to pay, added: "I hereby bind my entire crop for 1877 for the full payment of

the same, with interest from date." The appellee moved to dismiss the petition, because the terms of the note constituted a pledge or mortgage of the crop, which either passed the title to him, or estopped the debtor to deny the plaintiff's right. Thereupon, the appellant, by leave of the court, filed an amended petition, alleging that the provision of the note relied on was inserted without his knowledge by the appellee. The latter moved to dismiss the amended petition, upon the ground that the instrument could only be rectified in equity. The motion to quash the levy, and the motions to dismiss the petitions, were heard at the same time, when it was admitted that the corn levied on was of the crop of 1877.

The owner of exempt property has a right to sell or charge it, if he see proper to do so. *Cronan* v. *Honor*, 10 Heis., 533. And the language of the note gave a lien on the corn for the payment of the debt. *Osborne* v. *Royer*, 1 Lea, 217. A note, which is the foundation of a justice's judgment, may be looked to, on a motion to dismiss a petition for a *supersedeas*, to negative a fact mentioned in the petition, on which the right to the writ is rested. *McCorkle* v. *Brooks*, 6 Heis., 601. If now we look to the note in this case, we find it gives a lien which can only be enforced in equity. On the other hand, the defense of the amended petition to this lien is clearly cognizable only in equity. Whatever, therefore, might be the proper conclusion upon the effect of the lien if it were undisputed, it is obviously a case of equity against equity, which ought to be wholly tried in one forum.

The entire litigation ought either to be disposed of in this proceeding, or the parties left to their rights and remedies in equity.

The judgment must be reversed. But if the appellee will agree of record to withdraw all objections to the jurisdiction of the Circuit Court over the matter of the amended petition, so as to allow the case to be proceeded with under the Code, section 4236, we will hold that the lien given by the note is, if found to be the act of the appellant, a waiver of the right of exemption, and remand the cause to be proceeded with. Otherwise, judgment will be rendered here sustaining the right of the plaintiff in error to the exemption claimed, but without prejudice to the right of the defendant in error to enforce his lien in equity. In the former event the appellee will pay the costs of this court; in the latter the entire costs.