MUTUAL LOAN & THRIFT CORPORATION *v.* CORN *et al.*

(*Nashville,* December Term, 1944.)

Opinion filed June 9, 1945.

WM. M. GREENE, of Nashville, for defendants Corn, appellants.

CLAUDE CALLICOTT, of Nashville, for complainants.

Mr. Justice Gailor delivered the opinion of the Court.

The only question presented on the appeal is whether, the husband and head of the family, with his wife joining, may execute a valid and enforceable chattel mortgage on personal property, exempt under Chapter 138, Public Acts of 1939, to secure the payment of a joint promissory note delivered contemporaneously with the mortgage, and for a valuable consideration. The Mutual Loan and Thrift Corporation filed its original bill in the Chancery Court of Davidson County, against John F. Corn and his wife, Ruth H. Corn, to foreclose such a mortgage. The facts were stipulated, and on the hearing the chancellor finding the mortgage valid and enforceable, decreed its foreclosure and the satisfaction of the debt. The defendants have appealed from the adverse decree.

Chapter 138 of the Public Acts of 1939, was passed as an amendment to section 7701 of the Code of 1932, and no question is made but that the amendment was a substantial re-enactment of the laws with regard to the exemption of personal property as they existed prior to 1932, and as they were embodied in sections 3794 and 3795 of Shannon's 1917 Code. Therefore, our cases determined prior to 1932 are authority for the present construction and interpretation of these exemption laws, and both sides on this appeal have cited such cases to support their respective positions.

While it is admitted that the head of a family may not waive the exemption from execution, *McAdams* v. *McAdams,* 177 Tenn. 67, 74, 146 S. W. (2d) 140, such restriction is properly construed not as a restriction on the absolute ownership of the head of the family, but as a restraint placed by the statute upon creditors seeking

to collect their debts. *Mills* v. *Bennett,* 94 Tenn. 651, 50 S. W. 748, 45 Am. St. Rep. 763; *Dugger* v. *Mechanics' & Traders' Insurance Co.,* 95 Tenn. 245, 254, 32 S. W. 5, 28 L. R. A. 796; *McAdams* v. *McAdams, supra.*

"If the plaintiff below was the absolute owner of the property, he had the right to sell or otherwise dispose of it, as he might see fit. The Legislature could not prohibit him as owner from selling it, or otherwise disposing of it . . ." *Cox* v. *Ballentine,* 60 Tenn. 362, 364.

"The owner has the absolute right to sell or mortgage property exempt from execution, and such sale or mortgage will be enforced." *Cronan, Trustee,* v. *Honor,* 57 Tenn. 533 (Headnote).

From our cases it appears that the owner of personal property exempt from execution has the absolute right to sell, barter, exchange, mortgage or otherwise dispose of such property, at his discretion, though it cannot be legally levied on and sold under execution even by his consent. *Cox* v. *Ballentine, supra*; *Cronan* v. *Honor, supra; Mills* v. *Bennett,* 94 Tenn. 651, 653, 30 S. W. 748, 45 Am. St. Rep. 763; *Dugger* v. *Mechanics' & Traders' Insurance Co.,* 95 Tenn. 245, 254, 32 S. W. 5, 28 L. R. A. 796; *Hamby* v. *Lane,* 107 Tenn. 698, 703, 64 S. W. 1067, 89 Am. St. Rep. 967.

While recognizing the right of the head of the family and owner of the property to sell or otherwise dispose of "personal property exempt from execution," Appellant insists that the right to "dispose of," does not include the right to mortgage. We find the great weight of authority against this insistence. Bouvier's Law Dictionary defines ";dispose" as to "alienate." 1 Bouv. Law Dict., Rawle's Third Revision, page 888. It cannot be doubted that mortgage is one species of alienation. Many cases holding that the power to "dispose

of" includes the power "to mortgage" are collected in Vol. 12, Words and Phrases, Perm. Ed. The use of the words "sell or otherwise dispose of" evidences an intent to give power to part with real estate by any voluntary act without regard to the mode of its operation. *Gordon* v. *Preston*, 1 Watts, Pa., 385, 26 Am. Dec. 75. It includes the power to mortgage. *Lancaster* v. *Dolan*, 1 Rawle, Pa., 231, 18 Am. Dec. 625; *Platt* v. *Union Pacific R. Co.*, 99 U. S. 48, 25 L. Ed. 424.

Appellant further insists that such construction is against public policy because it defeats the rights of the family which are clearly recognized in our statutes of exemption. Our reply to this is, that sound public policy would rather be defeated by an invasion of the right of the absolute owner to alienate his property and that it is sound public policy to provide that the thrifty and responsible head of a family shall have the right to borrow in an emergency, funds for the support of his family, than that the improvident should be protected. We think the learned chancellor was correct in so holding; the assignments of error are overruled and his decree is affirmed.