In re Billy Joe FARRIS, Sr., and Stella Gay Farris, Debtors.

Billy Joe FARRIS, Sr., and Stella Gay Farris, Plaintiffs,

v.

BARCLAYS AMERICAN FINANCIAL, INC., Defendant.

Bankruptcy No. 1–80–01433.
Adv. No. 1–80–0324.

United States Bankruptcy Court, E. D. Tennessee.

Jan. 14, 1981.

M. Randall Sellers, Cleveland, Tenn., for plaintiffs.

John Edgar Brown, III, Cleveland, Tenn., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The debtors brought this action to avoid the defendant's security interest in their household goods. The defendant and the plaintiffs have stipulated the relevant facts.

On September 25, 1979 the debtors obtained a loan from the defendant, Barclays. To secure the debt the debtors granted Barclays a security interest in various household goods, furnishings, and appliances. The debtors did not use the loan proceeds to buy any of the items in which they gave Barclays a security interest. On July 16, 1980 the debtors filed a petition in bankruptcy. At that time they owed $3,147.70 on the loan. The value of the goods that are Barclays' collateral is about $2,000.00.

The debtors rely on § 522(f) of the Bankruptcy Code as granting them the power to avoid Barclays' security interest. 11 U.S.C. § 522(f) (1979). The court agrees with Judge Bare that § 522(f) may be applied to security interests given between the date of enactment of the code (November 6, 1978) and the date it became effective (October 1, 1979). *In re Head*, 4 B.R. 521, 6 B.C.D. 489, 2 C.B.C.2d 366 (Bkrtcy.E. D.Tenn.1980) (*Head v. Home Credit Company*). Section 522(f) may be applied to this security interest.

Section 522(f)(2)(A) applies to the facts in this proceeding. It provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . . .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor;

. . . . .

The stipulated facts reveal that the security interest is nonpurchase money. It is not disputed that the security interest is nonpossessory.

The dispute concerns the proper interpretation of § 522(f) in light of § 522(b) and the Tennessee exemption statutes.

Tennessee "opted out" of the federal exemption scheme set up by subsections (b) and (d) of § 522. 11 U.S.C. § 522(b)(1) (1979), Tenn.Code Ann. § 26–901 (Supp. 1980), (effective June 1, 1980). The statute became effective before the debtors filed their bankruptcy petition. Therefore, the exemptions that they could claim under § 522(b) were those allowed by state law. 11 U.S.C. § 522(b)(2) (1979).

The statute making the federal exemptions unavailable also amended Tennessee's general personal property exemption statute. Before the amendment the statute allowed debtors to exempt "personal property to the aggregate value of . . . ($2500)". Tenn.Code Ann. § 26–202 (Cum.Supp.1979). The amendment changed the amount to $4000. More significantly it added the words "debtor's equity interest" after the amount. Tenn.Code Ann. § 26–202 (Supp. 1980).

By "debtor's equity interest" the legislature apparently meant the value of the property above consensual (contractual) lien debts.[1] The court does not think the legislature meant value above consensual *and*

---

1. It is not clear whether the legislature meant to include statutory liens in determining equity.

judicial lien debts since the exemption is from taking by legal process.[2] Inclusion of judicial liens would destroy the exemption. In limiting the exemption to the debtor's equity, the legislature was apparently trying to circumvent the lien avoidance power in § 522(f) by turning its wording against it.

The argument depends on the requirement of § 522(f) that the security interest "impair an exemption to which the debtor would have been entitled". The argument is that the security interest does not impair an exemption to which the debtor would have been entitled because the debtor could claim an exemption only in equity, the value of the property above the secured debt.

■ The common sense reading of § 522(f) is that a debtor may avoid a security interest in property that the debtor could exempt *if the security interest did not exist.* The security interest is avoided to the extent required to allow the exemption which the debtor could claim *if the security interest did not exist.* In other words, § 522(f) is meant to create equity equal to the amount that could be exempted if the security interest did not exist. Cf. *In re Boteler,* 5 B.R. 408, 6 B.C.D. 798 (Bkrtcy.S.D.Ala.1980) (*Day v. Boteler*).[3] The Tennessee statute attempts to prevent that by defining property subject to exemption as property already free of security interests.

The argument has technical merit only if prior law is ignored. By adding the words "debtor's equity interest", the legislature made no change in the law as to exemptions in mortgaged personal property. The words are at best a clarification of prior decisions. Before the amendment the exemption statute was an exemption from legal process. It could not have been an exemption from liens attached to property by contract with a creditor. *Mutual Loan & Thrift Corp. v. Corn,* 182 Tenn. 554, 188 S.W.2d 345 (1945); *Mynatt v. Magill,* 71 Tenn. 72 (1879); *Cronan v. Honor,* 57 Tenn. 533 (1873); *Rison v. T. W. Wilkerson & Co.,* 35 Tenn. 565 (1856).

Consider a situation in which bankruptcy is not involved. The debtor has personal property worth $6000 but subject to a $4000 security interest. Another creditor obtains a judgment against the debtor for $1000. To protect the property the debtor claims his exemption. That has no effect on the $4000 secured debt. The property remains liable for it. But the $2000 equity is exempted from being taken to satisfy the $1000 judgment debt. In other words, the exemption is of the debtor's equity in the property. That was the law in Tennessee before the legislature added "debtor's equity interest" to the statute. Thus the addition made no change in Tennessee law as to exemptions in personal property subject to security interests.[4]

Furthermore, the law in bankruptcy generally is the same. A debtor's exemptions are allowed out of the value of property above secured debts, i. e., out of the equity. See *In re Morgan,* 6 B.C.D. 1202, 6 B.R. 701 (Bkrtcy.M.D.Tenn.1980); *In re Boteler,* above. In the legislative history of § 522(f), Congress specifically recognized that exemptions are allowed out of the debtor's equity. Both committee reports say that a debtor may avoid liens under § 522(f) to the extent the property *could have been* exempted in the absence of the lien. S.Rep. No.95–989, 95th Cong., 2d Sess. 76 (1978); H.R.Rep.No.95–595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.[5] Thus § 522(f) was meant to

---

**2.** The Bankruptcy Code uses "judicial lien" to describe any lien obtained by legal or equitable process. 11 U.S.C. § 101(27) (1979). The code also defines statutory lien. 11 U.S.C. § 101(38) (1979).

**3.** In *Boteler* the security interest did not impair an exemption to which the debtor would have been entitled because other debts secured by unavoidable liens exceeded the value of the collateral.

**4.** The amendment does make two points clearer than before. First, the debtor in the example would have used only $2,000 of the $4,000 exemption. Second, a debtor cannot use the exemption to protect an unperfected security interest.

**5.** The legislative history of § 722 of the Bankruptcy Code also supports this conclusion. 11 U.S.C. § 722 (1979); H.R.Rep.No.95–595, 95th Cong., 1st Sess. 380–381 (1977).

operate under the law as the Tennessee statute now specifically provides.

If the Tennessee statute is applied as argued, the court doubts that it could stand. Probably it would be unconstitutional as applied in bankruptcy cases, because not within the state's power under § 522(b) and in direct conflict with § 522(f). See *In re Fisher*, 6 B.R. 206, 2 C.B.C.2d 1335 (Bkrtcy. N.D.Ohio 1980) (*Fisher v. Liberty Loan Corp.*); *In re Cox*, 4 B.R. 240, 6 B.C.D. 434, 2 C.B.C.2d 255 (Bkrtcy.S.D.Ohio 1980) (*Cox v. Blazer Financial Services, Inc.*); *In re Hill*, 4 B.R. 310, 6 B.C.D. 307, 2 C.B.C.2d 123 (Bkrtcy.N.D.Ohio 1980). The constitutional question, however, is not before the court, has not been argued, and need not be answered. The court therefore makes no holding as to the constitutionality of the Tennessee statute.

■ The court concludes that under § 522(f) of the Bankruptcy Code and under the Tennessee statute, the debtors can avoid Barclays' security interest so that there will be equity up to the amount of the exemption that would be allowed in the absence of the security interest. In this case that means that the security interest is entirely avoided since the total value of the collateral would be exemptable in the absence of the security interest.[6]

An order will enter accordingly.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.

---

**6.** There was no argument that exemption of the collateral worth $2000 would put the debtors over the allowable amount.