In re Melvin **GILES**, Wanda Giles, Debtors,

Melvin **GILES**, Wanda Giles, Plaintiffs,

v.

**CREDITHRIFT OF AMERICA, INC., Defendant.**

Bankruptcy No. 1–80–02318.
Adv. No. 1–80–0647.

United States Bankruptcy Court, E. D. Tennessee.

Feb. 12, 1981.

Mark T. Young, Chattanooga, Tenn., for plaintiffs.

Mark J. Mayfield, Chattanooga, Tenn., for defendant.

### MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The defendant, Credithrift, made a motion for summary judgment which raised several legal arguments against applying the statute on which the plaintiffs rely. Credithrift raised no other defenses. The court's decision on the motion will dispose of this proceeding.

The debtors brought this cause of action against Credithrift to avoid its security interest in certain of their household goods or furnishings and appliances. Under § 522(f)(2) of the Bankruptcy Code, the debtors can avoid the security interest only if it is nonpossessory and nonpurchase money. 11 U.S.C. § 522(f) (1979). It is not disputed that the debtor has possession of the goods in question and that the security interest is nonpurchase money. The motion for summary judgment raises several legal arguments against applying § 522(f)(2). One argument, adopted by reference to the brief in another case, relies on some seemingly unneeded words in § 522(f). The court addresses that argument first.

### I.

Section 522(f)(2)(A) of the Bankruptcy Code provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the *fixing of a lien* on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is—

.    .    .    .    .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

.     .     .     .     .

(Emphasis added.)

Credithrift argues that § 522(f) only avoids the fixing of a lien and not an already existing lien. Why Congress used "the fixing of a lien" is not immediately apparent. But the argument must be rejected for several reasons.

■ It is apparent from the legislative history that § 522(f) was meant to apply to security interests already existing and attached at the time of bankruptcy. S.Rep. No.95–989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, 5787; H.R.Rep.No.95–595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, 5787; Report of the Commission on Bankruptcy Laws of the United States, H.R.Doc.No.93–197, 93d Cong., 1st Sess., Part I at 169, 173 (1973). Section 522(f) would not serve its intended purpose if it applied only to security interests that attached to property of the *estate*, which is essentially Credithrift's argument. Congress was meticulous in its use of property of the debtor or property of the estate. See, e. g., 11 U.S.C. § 362(a)(4) & (5) (1979). Contrary to Credithrift's argument, § 522(f) uses "an interest *of the debtor* in property". Furthermore, § 522(f) makes avoidable a lien that "impairs", not would impair, an exemption and that "is", not would be, a security interest. Thus Credithrift's argument is contrary to the purpose and the wording of § 522(f).

The court can see one reason for Congress's use of "the fixing of" a lien. Other subsections of § 522 refer to "transfers" avoidable under § 522(f). 11 U.S.C. § 522(g)(2) & (i) (1979). Technically the fixing of a lien is a transfer, but the lien itself is not. 11 U.S.C. § 101(40) (1979) (Transfer defined).

Thus § 522(f) relates avoidance back to the original attaching of the security interest. That is analogous to avoidance of a late perfected security interest under the preferential transfer section. Under that section, technically the trustee avoids the grant of the security interest, the transfer made within the preference period. 11 U.S.C. § 547 (1979). The terminology used in § 522(f) is surprising as a practical matter but consistent in concept with other provisions of the Code.

Credithrift relies on subsection (c) of § 522 as further support for its argument. It provides:

(c) Unless the case is dismissed, property exempted under this section is not liable ... after the case for any debt of the debtor that arose ... before commencement of the case, except—

(1) [certain debts not discharged];

(2) a lien that is not avoided under section 544, 545, 547, 548, 549, or 724(a) of this title;

.     .     .     .     .

Credithrift points out that § 522(f) is not listed in the avoidance sections. The logical inference is that liens avoided under one of the listed sections do not survive discharge. As to liens avoided under any other section, including § 522(f), Credithrift infers that they survive bankruptcy. That inference is partly correct.

Section 522(c) deals with liens on property exempted under § 522. That includes property exempted by the use of § 522(f). It was not necessary to include § 522(f) in the list. It was necessary to omit it because of the difference between it and the listed avoiding powers. Avoidance under § 522(f) is only up to the amount of the impaired exemption. It may be partial avoidance. Avoidance under the other sections is total. Leaving out § 522(f) makes it clear that liens avoided under it may partially survive bankruptcy. See 3 Collier on Bankruptcy ¶ 522.29 (15th ed. 1979).

Credithrift's argument as to "the fixing" of liens is rejected.

## II.

■ Credithrift apparently makes an argument that is more clearly made in the attached brief from another case. Section 522(f) refers to "an interest of the debtor in property". That obviously is a broad category. It does not allow the argument that the debtors have no interest in the collateral in question. No matter what terminology is used, a security interest is merely a lien on the collateral. Ga.Code Ann. §§ 109A–1–201(37), 109A–2–401(1), & 109A–9–102(1)(a) & (2) (1979). A security interest up to the amount of the debt, or the value of the collateral if it is less, does not exclude other interests in the collateral. The debtors are the owners of the collateral. They have an interest in it even if the secured debt exceeds its value. Thus Credithrift's security interest is a lien on property in which the debtors have an interest, and it follows that the security interest may impair the debtors' right to exempt their interest.

## III.

Credithrift also argues that its security interest does not "impair an exemption to which the debtor[s] would have been entitled". In this case the debtors' exemptions under § 522(b) are set by Georgia statute, quoted in the margin. 11 U.S.C. § 522(b)(2) (1979).[1]

The argument is the same as the argument made in *In re Farris,* except in that case a Tennessee exemption statute was involved. 8 B.R. 186 (Bkrtcy.E.D.Tenn. 1981) (*Farris v. Barclays American Financial, Inc.,* No. 1–80–0324). The argument depends first on whether the exemption allowed by the Georgia statute can be claimed only in the debtors' equity in the mortgaged property, i. e., the amount by which its value exceeds secured debts.

■ The Georgia statute does not specifically so provide. The court rejects Credithrift's argument that "debtor's interest" (as opposed to "debtor's aggregate interest") is used in the statute to mean only a debtor's equity in mortgaged property. The difference in terminology depends on whether the exemptable property is referred to in the aggregate.

■ Furthermore, unlike the Tennessee statute, the Georgia statute specifically provides exemptions "for the purposes of bankruptcy".[2] In bankruptcy the general rule is that a debtor's exemptions in mortgaged property come out of the debtor's equity. *In re Morgan,* 6 B.R. 701 (Bkrtcy.M.D.Tenn. 1980); *In re Boteler,* 5 B.R. 408, 6 B.C.D. 798, (Bkrtcy.S.D.Ala.1980) (*Day v. Boteler*). Congress took that into account in § 522(f). The congressional committee reports explain that § 522(f) is meant to avoid a lien on property that *could have been* exempted in the absence of the lien. S.Rep.No.95–989, 95th Cong., 2d Sess. (1978); H.R.Rep. No.95–595, 95th Cong., 2d Sess. 380–381 (1977). The Georgia statute identifies the

---

1. *51–1301.1 Alternative exemption.*

[A]ny debtor . . . may exempt . . . for the purposes of bankruptcy . . .

(1) The debtor's aggregate interest, not to exceed $5,000 in value, in real property or personal property that the debtor or a dependent . . . uses as a resident . . . ; and

   .    .    .

(3) The debtor's interest, not to exceed $800 in value, in one motor vehicle; and

(4) The debtor's interest, not to · exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances . . . that are held for the personal, family, or household use of the debtor or a dependent of the debtor. The exemption of the debtor's interest in the items contained in this subsection shall not exceed $3500 in total value; and

(5) The debtor's aggregate interest, not to exceed $400 in value, in jewelry . . . ; and

(6) The debtor's aggregate interest . . . in any property; and

(7) The debtor's aggregate interest . . . in any implements, professional books, or tools of the trade . . . ; and

   .    .    .

(9) The debtor's aggregate interest . . . in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract . . . ; and

   .    .    .

2. The court notes that it apparently was derived from the federal exemptions. 11 U.S.C. § 522(d) (1979).

types of exemptable property and sets limits on its value. But the statute does not otherwise affect the lien avoidance nature of § 522(f).

Finally, assuming the Georgia statute was meant to allow exemptions only in the debtor's equity, that would not change the effect of § 522(f). As the court said, § 522(f) was enacted with the understanding that exemptions come out of equity. To that end it is meant to avoid liens so that there will be equity out of which exemptions may be taken.

It is doubtful that a state can define exemptions so that § 522(f) will be rendered ineffective. *In re Fisher*, 6 B.R. 206, 2 C.B.C.2d 1335 (Bkrtcy.N.D.Ohio 1980) (*Fisher v. Liberty Loan Corp.*); *In re Cox*, 4 B.R. 240, 6 B.C.D. 434, 2 C.B.C.2d 255 (Bkrtcy.S.D.Ohio 1980) (*Cox v. Blazer Financial Services, Inc.*); *In re Hill*, 4 B.R. 310, 6 B.C.D. 307, 2 C.B.C.2d 123 (Bkrtcy.N.D.Ohio 1980). It does not appear that any such attempt was made in the Georgia statute.

### IV.

The attached brief contains another argument much like the previous argument. The first proposition is that exemptions are allowed out of property of the estate. The second proposition is that the secured party's interest does not become part of the estate. The creditor argues that to the extent it is liable for the secured debt, the collateral does not become part of the estate, no exemptions could be allowed out of it, and so no exemption is impaired by the security interest.

There is nothing wrong with the first proposition. Exempt property becomes property of the bankruptcy estate. 11

U.S.C. §§ 541(a), 522(b); 4 Collier on Bankruptcy ¶ 541.02[3] (15th ed. 1979).

There is technically nothing wrong with the second proposition. But it does not lead to the conclusion argued for.

The argument misinterprets the meaning of "interest" in property.[3] The debtor's interest in collateral is an interest in all the collateral, each and every item, without regard to what is owed. The secured party's interest is a right to payment from the collateral, a lien that applies to each and every item. Of course, the secured party is not entitled to more than payment. It may be said that the equity belongs to the debtor, but each item of collateral is still subject to the security interest. Likewise, the secured party's interest (the lien) belongs to it, but the collateral does not belong to the secured party to the extent of the debt.[4] The debtor still has an interest in it.

Thus the debtors had an interest in the collateral, which interest became property of the estate and would have been exemptable except for the security interest. Section 522(f) will avoid the security interest and make the debtors' interest exemptable.

### Conclusion

The legal arguments that are the bases for the motion for summary judgment are not supported by the statute or the decisions under it. Accordingly, an order will be entered denying the motion and granting the plaintiffs the relief requested.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.

---

3. As to § 541 of the Code, the committee reports explain:

> The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action . . ., and all other forms of property currently specified in section 70a of the Bankruptcy Act . . . . The debtor's interest in property also includes "title" to property which is an interest, just as are a possessory interest, or leasehold interest, for example.

S.Rep.No.95–989, 95th Cong., 2d Sess. 82 (1978), U.S.Code Cong. & Admin.News 1978, 5868; H.R.Rep.No.95–595, 95th Cong., 1st Sess. 367 (1977), U.S.Code Cong. & Admin. News 1978, 6323.

4. The lien does not become part of the estate. See § 522(c), above, and 3 Collier on Bankruptcy ¶ 522.27 (15th ed. 1979).