**In re Ralph REDIN, Jr. and Virginia Redin, Debtors.**

**Ralph REDIN, Jr. and Virginia Redin, Plaintiffs,**

**v.**

**FIDELITY FINANCIAL SERVICES, Defendant.**

**Bankruptcy No. 81 C 1817.**

United States Bankruptcy Court, D. Colorado.

Oct. 14, 1981.

Kimber Z. Smith, Arvada, Colo., for debtors.

Thomas F. Farrell, Denver, Colo., for Fidelity.

## FINDINGS, CONCLUSIONS AND ORDER ON COMPLAINT TO AVOID LIEN

PATRICIA ANN CLARK, Bankruptcy Judge.

The matter before the Court is a complaint to avoid a lien on household goods. The debtors, Ralph Redin, Jr. and Virginia Redin, filed this complaint pursuant to Section 522(f) of the Bankruptcy Code (11 U.S.C. § 522(f)). A creditor, Fidelity Financial Services (Fidelity), contends that because of Colorado law the debtors are no longer able to utilize Section 522(f) in order to void the defendant's lien in the debtors' household goods. A hearing was held on the matter on September 14, 1981, at which Kimber Z. Smith represented the debtors and Thomas F. Farrell represented Fidelity.

The matter was submitted on the following facts. During June, 1979, the debtors borrowed money from Fidelity. A balance of $648.00 remains to be paid. In conjunction with this loan, the debtors executed a security agreement which granted to Fidelity a security interest in the debtors' household furnishings and household goods. The money borrowed from Fidelity does not rep-

resent any part of the purchase money for any of the items covered by the security agreement. All of the articles included in the security agreement remain in the possession of the debtors and their family.

The debtors rely on Section 522(f) of the Bankruptcy Code as granting them the power to avoid Fidelity's security interest. More specifically, Section 522(f)(2)(A), which applies to the facts in this case, provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

\* \* \* \* \* \*

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

The issue before this Court is whether Section 522(f) is rendered unavailable to debtors because of the Colorado exemption statute.

Under authority granted to it by Congress in Section 522(b) of the Code (11 U.S.C. § 522(b)), Colorado has "opted out" of the federal exemption scheme encompassed in Section 522(d) of the Code. In place of Section 522(d), Colorado has enacted its own set of exemptions. These are known as Colo.Rev.Stat. §§ 13–54–101 et seq. and now appear in Senate Bill 369 (1981). Of importance in this case are Colo. Rev.Stat. §§ 13–54–102 and 13–54–107 which state:

13–54–102. *Property Exempt.* (1) The following property is exempt from levy and sale under writ of attachment or writ of execution.

\* \* \* \* \* \*

(e) The household goods owned and used by the debtor and used by his dependents to the extent of fifteen hundred dollars *in value* (emphasis supplied)

13–54–107. *Exemptions in bankruptcy.* The exemptions provided in section 522(d) of the federal bankruptcy code of 1978 (Title 11 of the United States Code), as amended, are denied to residents of this state. Exemptions authorized to be claimed by residents of this state shall be limited to those exemptions expressly provided by the statutes of this state.

"Value" is defined in § 13–54–101(5) as "the fair market value of any property *less the amount of any lien* thereon valid as between the owner of the property and the holder of any such lien." (emphasis supplied)

■ Fidelity's argument is that because of § 13–54–102(e) and § 13–54–101(5), a debtor is entitled only to an exemption in his equity. Thus far, Fidelity is correct. Fidelity goes on to argue, however, that because the debtor is entitled only to an exemption in his equity, he cannot avail himself of Section 522(f) of the Code which allows a debtor to void a lien "to the extent that such lien impairs an exemption to which the debtor *would have been entitled under* subsection (b)" of Section 522. (emphasis supplied)

Fidelity mistakenly believes that the Colorado law adds something not already in the federal scheme of exemptions. It does not. By stating that the debtor is entitled only to an exemption in equity, the Colorado legislature is making no change in the substantive law as it existed under Section 522(d). The wording of the Colorado statute only clarifies the law of exemptions as it existed in Section 522(d).

Under the federal statutory scheme, as under the Colorado scheme, a valid lien also prevails over the exemption. The legislative history to Section 522 points out that exemptions are allowed only out of the debtor's equity. The following example was given in an early House Report:

Under proposed 11 U.S.C. 541, all property of the debtor becomes property of

729

the estate, but the debtor is permitted to exempt certain property from property of the estate under this section. Property may be exempted even if it is subject to a lien, *but only the unencumbered portion of the property is to be counted in computing the "value" of the property for the purposes of exemption.* Thus, for example, a residence worth $30,000 with a mortgage of $25,000 will be exemptable to the extent of $5,000. This follows current law. The remaining value of the property will be dealt with in the bankruptcy case as is any interest in property that is subject to a lien. (emphasis supplied) H.Rep. No. 595, 95th Cong., 1st Sess. 360–61 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6316.

Section 522, as enacted, confirms the conclusion that only a debtor's equity interest is exempt. Section 522(d), the list of exempt property, states that a "debtor's interest," not to exceed a certain monetary limit, is exempt. The "debtor's interest" is, of course, his equity interest. Thus, it always has been in this Court that a debtor's exemptions are allowed only out of the value of property above secured debts, that is, out of the equity. Other jurisdictions are in accord. *See, e. g., In re Farris,* 8 B.R. 186 (Bkrtcy.E.D.Tenn.1981).

The addition of Section 522(f) to the statutory scheme changes the basic principle that a debtor can only claim an exemption in his equity. It states that for certain categories of goods, the debtor can take the full amount allowed by law, if and to the extent that a lien on these goods impairs an exemption "to which the debtor would have been entitled under subsection (b)" of Section 522. 11 U.S.C. § 522(f). The common sense reading of Section 522(f) is that a debtor may avoid a security interest in property that the debtor could exempt *"if the security interest did not exist." In re Farris, supra,* at p. 188. Thus, in the present case, the debtors can avoid Fidelity's security interest to the extent required to allow the debtors the exemption which the debtors could claim by virtue of Colo. Rev.Stat. § 13–54–102(e) *if the security interest did not exist.* Section 522(f), in ef-

fect, *creates* equity equal to the amount that could be exempted if the security interest did not exist.

To construe the Colorado statute in the manner proferred by Fidelity is to render Section 522(f) meaningless. Such a construction is contrary to the maxim of statutory construction that "when two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974).

For the foregoing reasons, it is

ORDERED that the nonpossessory, nonpurchase money security interest of Fidelity in the debtors' household goods and household furnishings is void to the extent that it impairs the exemption to which the debtors would be entitled under Colo.Rev.Stat. § 13–54–102(e) if no security interest existed.