In the Matter of Joseph Thomas MAD-DOX, Mary Nell Maddox, Debtors.

Joseph Thomas MADDOX, Mary Nell Maddox, Plaintiffs,

v.

SOUTHERN DISCOUNT COMPANY, Defendant.

Bankruptcy No. 80–1042A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 10, 1982.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Prior to the filing of their petition, the debtors herein, Joseph Thomas and Mary Nell Maddox, obtained a loan from the defendant, Southern Discount Company. As security for the debt, Southern Discount was given a security interest in certain of the debtors' household goods. None of the loan proceeds were used to buy any of the items in which the debtors gave Southern Discount a security interest. On September 22, 1980, the debtors filed a petition under Chapter 7 of the Bankruptcy Code. At that time their loan balance was $600.00. The value of the goods given Southern Discount as collateral was $500.00. On October 28, 1980, the debtors filed a complaint seeking to avoid Southern Discount's nonpossessory, nonpurchase money security interest in their household goods pursuant to 11 U.S.C. § 522(f)(2)(A).[1] A hearing was held and the parties submitted briefs on two issues: (1) whether the waiver of the filing fees for debtors in adversary proceedings, but not for creditors, is constitutional and (2) whether, under § 522(f), the debtors may avoid a lien on property in which they have no equity.

---

1. 11 U.S.C. § 522(f)(2)(A) (1979).

## 1.

IS THIS COURT'S DISPARATE TREATMENT OF CREDITORS AND DEBTORS REGARDING THE PAYMENT OF FILING FEES IN ADVERSARY PROCEEDINGS CONSTITUTIONAL?

Creditors are required to pay $60.00 to file a complaint initiating an adversary proceeding in this court. Debtors must pay $60.00 to file a bankruptcy petition but are not required to pay an additional fee to file an adversary proceeding.[2] Southern Discount contends that this policy unfairly discriminates against creditors in violation of the equal protection guaranties of Amendment V of the United States Constitution.

▮ The court notes that Southern Discount lacks standing to raise the issue of the constitutionality of this court's policy on filing fees. Southern Discount is the defendant in this case. It has not been required to pay any fee to gain access to this court and will not be injured by the debtor's failure to pay such a fee. Southern Discount thus does not meet the fundamental standing requirement of Article III, namely that a litigant in the federal court "must allege a distinct and palpable injury to himself." [3]

▮ Moreover, the constitutionality of this policy has been upheld in this district. *National Citizens Bank of Rome v. Purdy,* No. C81–129R (DC ND Ga. Dec. 10, 1980). In that case the District Court, on appeal, found that:

> [T]he classification as it creates disparate treatment of debtors and creditors is rational. For the very reason that they are in bankruptcy courts, debtors may not be able to incur additional expenses above that required when filing the petition.

**2.** The filing fee of $60.00 for filing an adversary proceeding is waived for Title 11 U.S.C. debtors pursuant to a resolution of the Judicial Conference of the United States, effective July 1, 1980, which provides:
> "For filing a complaint, a fee should be collected in the same amount as the filing fee prescribed in 28 USC § 1914(a) for instituting any civil action .... If the United States ... or a debtor is the plaintiff, no fee is required...."

Since it is permissible to require those who use the courts to contribute to their financial support, *Ortwein v. Schwab,* 410 U.S. 656 [93 S.Ct. 1172, 35 L.Ed.2d 572] (1973), the court finds no constitutional deprivation of constitutional rights in this regard.

This court subscribes to and adopts that ruling. The Judicial Conference rule is not unconstitutional.

## 2.

DOES § 522(f) OF THE BANKRUPTCY CODE ENABLE THE DEBTORS TO AVOID A LIEN ON PROPERTY IN WHICH THEY HAVE NO EQUITY?

The debtors maintain that Southern Discount's lien impairs exemptions to which they would be entitled, but for the existence of the lien, under 11 U.S.C. § 522(b),[4] and that the lien can, therefore, be avoided under 11 U.S.C. § 522(f).[5] Section 522(f) provides:

> (f) Not withstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> .    .    .    .    .
>
> (2) a nonpossessory, nonpurchase-money security interest in any—
> (A) household furnishing, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry, that are held primarily for the personal, family, or household use of the debtor or dependent of the debtor;

Congress specifically authorized the Judicial Conference to prescribe fees in proceedings under Title 11. See 28 U.S.C. § 1930(b) (1979).

**3.** *Warth v. Seldin,* 422 U.S. 490, 502, 95 S.Ct. 2197, 2207, 45 L.Ed.2d 343 (1975).

**4.** 11 U.S.C. § 522(b)(2) (1979).

**5.** 11 U.S.C. § 522(f) (1979).

In this case the debtors' § 522(b) exemptions were claimed under a Georgia statute which allows the exemption of:

"(4) The debtor's interest, not to exceed $200.00 in value in any particular item, in household furnishings, household goods, . . ."[6]

Southern Discount argues that the phrase "debtor's interest" in the Georgia statute means "equitable interest" and thus the state-law exemption can be claimed only in the debtor's equity in the property, or the value of the property beyond the amount of debt. Southern Discount reasons that, because the debtors owe Southern Discount more than the value of the pledged property, they have no equity in the goods and, as a result, are not entitled to an exemption under state law. Hence, they are not entitled to a § 522(b) exemption and thus have no "interest" to be protected by § 522(f).

This court does not agree with Southern Discount's interpretation of the meaning or effect of the Georgia statute. First, it seems clear that debtors have an interest even in their fully-encumbered property. *In re Lovett,* 11 B.R. 123, 7 BCD 585, 586 (D.C.W.D.Mo.1981); *see In re Giles,* 9 B.R. 135, 138 (Bkrtcy.E.D.Tenn.1981). Second, it

does not seem likely that the Georgia legislature intended the word "interest" to refer only to the debtors' equity in the property they seek to exempt. The Georgia statute specifically provides exemptions for the purpose of bankruptcy;[7] it identifies and sets monetary limits on categories of exemptible property but does not otherwise affect the lien avoidance nature of § 522(f). *Giles, supra* at 138–39. However, even if the Georgia legislature intended only the equity value to be exempt, "the principle of federal supremacy, applied through the bankruptcy clause of the Constitution, forbids the state from frustrating the intent of Congress [in passing § 522(f) ] by such an interpretation of state law." *In re Meadows,* 9 B.R. 882, 883 (Bkrtcy.N.D.Ga.1981); *see In re Pine,* 11 B.R. 595 (Bkrtcy.E.D. Tenn.1981); *In re Dubrock,* 5 B.R. 353, 6 BCD 771, 773 (Bkrtcy.W.D.Ky.1980); *In re Curry,* 5 B.R. 282, 288 (Bkrtcy.N.D.Ohio 1980).

A common sense interpretation of § 522(f) with the legislative history of that provision indicates that a debtor may avoid a security interest in property that the debtor could exempt if the security interest did not exist.[8] Section 522(f) in effect cre-

---

**6.** Ga.Code § 51–1301.1(f) (1979).

**7.** Ga.Code § 51.1303.1 (1979).

**8.** The purpose of § 522(f) is explained in the House Report as follows:

"In addition, the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void . . . any non-purchase money security interest in certain exempt property such as household goods. . . . [This] second right will be of more significance for the average consumer debtor. Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor's belongings and obtain a waiver by the debtor of his exemptions. In most of these cases, the debtor is unaware of the consequences of the forms he signs. The creditor's experience provides him with a substantial advantage. If the debtor encounters financial difficulty, creditors often use threats of repossession of all the debtor's household goods as a means of obtaining payment.

In fact, were the creditor to carry through on his threat and foreclose on the property, he would receive little, for household goods

have little resale value. They are far more valuable to the creditor in the debtor's hands, for they provide a credible basis or the threat, because the replacement costs of the goods are generally high. The creditors rarely repossess, and the debtor, ignorant of the creditor's true intentions, are coerced into payments they simply cannot afford to make. The exemption provision allows the debtor, after bankruptcy has been filed, and creditor collection techniques have been stayed, to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of non-purchase money security interests in household goods. Such security interests have too often been used by over reaching creditors. The bill eliminates any unfair advantage creditors have." H.Rep. No. 95–595, 95th Cong., 1st Sess. 126–27 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6087–6088.

In this case, Southern Discount took a security interest in virtually every household item the debtors owned. Specifically, Southern's financing statement lists the following property as security for the loan: "one blue sofa, one blue chair, an occasional table, mahogany, 2

ates equity equal to the amount that could be exempted if the lien did not exist. *In re Farris,* 8 B.R. 186, 188 (Bkrtcy.E.D.Tenn. 1981). Section 522(f) is an expression of federal public policy favorable to Title 11 debtors founded on evidence of harmful practices of consumer lenders and expressed findings of the Congress. Section 522(f) allows the lien to be terminated vis a vis an allowable exemption in that property. It is keyed to the exemption of such property as the exemption would exist in the absence of the consumer lien. The overwhelming majority of courts considering the question have given § 522(f) this effect.[9] To hold otherwise would render the provision meaningless and thwart the intention of Congress to remedy a burdensom practice upon unfortunate debtors.

The court finds that § 522(f) "is meant to avoid liens so that there will be equity out of which exemptions may be taken." *In re Giles,* 9 B.R. 135, 139 (Bkrtcy.E.D.Tenn. 1981). The court concludes that the lien of Southern Discount here falls precisely within the intended operation of § 522(f). The debtors, therefore, can avoid Southern Discount's lien on subject property up to the maximum value permitted by the Georgia statute—$200 per item of household goods in which Southern Discount has a security interest.

In accordance with Rule 921, a separate order will be entered consistent with the above findings.

end tables, 1 lamp, 1 dining room set with 1 table and 4 chairs Formica topped black and white, 1 dbl bed, with chest and dresser, 1 Refrigerator Hot Point, Icemaker, 1 T.V. 13" J.C. Penny's Portable Color, 1 freezer Western Auto, 1 Record player component set with AM/FM Truetone w/2 speakers. 2nd 1974 Coupe DeVille Cadillac ..."

9. See *In re Giles,* 9 B.R. 135 (Bkrtcy.E.D.Tenn. 1981); *In re Kursh,* 9 B.R. 801, 7 BCD 592

(Bkrtcy.W.D.Mo.1981); *In re Van Gorkom,* 4 B.R. 689, 6 BCD 541 (Bkrtcy.S.D.1980); *In re DuBrock,* 5 B.R. 353 (Bkrtcy.W.D.Ky.1980); *In re Curry,* 5 B.R. 282 (Bkrtcy.N.D.Ohio 1980); *Matter of Boozer,* 4 B.R. 524 (Bkrtcy.N.D.Ga. 1980). This court has found only one case which apparently interprets § 522(f) to the contrary. See *In re Babcock,* 9 B.R. 475 (Bkrtcy.W.D.La.1981).