**In re Margret Marie WEISS, Debtor.**

**No. 85 B 353 G.**

United States District Court,
D. Colorado.

July 31, 1985.

Bryan A. Nix, Denver, Colo., for debtor.

Richard Torpy, Englewood, Colo., for creditor, Aetna Finance Co.

### MEMORANDUM OPINION

JAY L. GUECK, Bankruptcy Judge.

THIS MATTER is before the Court on the Motion of Margret Marie Weiss, the debtor, to void liens pursuant to 11 U.S.C. § 522(f). It is alleged that Aetna Finance Company holds certain nonpossessory, non-purchase money security interests in debtor's household goods, furnishings and automobile. Weiss seeks an order voiding these liens, contending they impair her exemption provided for by 13–54–102, C.R.S. 1973.

Judge Clark, of this Court, has previously resolved the same issues as are present here in *In re Redin*, 14 B.R. 727 (Bankr. Colo.1981). However, since that time, inconsistent decisions have been rendered from the Fifth, Sixth and Eleventh Circuits on these same issues. *Hall v. Finance One of Georgia, Inc., (In re Hall)*, 752 F.2d 582 (11th Cir.1985); *Spears v. Thorp Credit, Inc., (In re Spears)*, 744 F.2d 1225 (6th Cir.1984); *Giles v. Credithrift of America, Inc., (In re Pine)*, 717 F.2d 281 (6th Cir.1983), *cert. den'd,* —— U.S. ——, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984); *Maddox v. Southern Discount Co., (In re Maddox)*, 713 F.2d 1526 (11th Cir.1983); *McManus v. AVCO Fin. Serv., (In the Matter of McManus)*, 681 F.2d 353 (5th Cir.1982). In a decision of the Third Circuit on a slightly different issue, the holding indicates that the Third Circuit would follow the Eleventh Circuit were it called upon to rule on the issues presented here. *Simon-*

son v. First Bank of Greater Pittston, (In re Simonson), 758 F.2d 103, 12 C.B.C.2d 777 (3rd Cir.1985). Thus, it is appropriate for this Court to re-examine and again review these issues.

## BACKGROUND

The debtor, Margret Marie Weiss, filed her petition under Chapter 7 of the Bankruptcy Code on January 24, 1985. The schedules listed household goods at a value of $400.00 and a 1976 Plymouth valued at $200.00. A schedule B–4 was filed, claiming an exemption in the household goods and automobile pursuant to 13–54–102(1)(e) and (j), C.R.S.1973, as amended. Thereafter, on March 12, 1985, Weiss filed this motion under § 522(f) of the Code to void a lien on these items held by Aetna Finance Company. Aetna objected to this motion, and a hearing was held on July 1, 1985. The facts adduced during the hearing establish that the household goods in question have a fair market value of approximately $400.00. The automobile is valued at approximately $100.00. Aetna holds a nonpossessory, nonpurchase money security interest in the household goods and automobile. This security interest arose as a result of a loan from Aetna to the debtor in June, 1981, and January, 1983, in the total principal sum of approximately $2,000.00, of which there is a balance due and owing of approximately $1,300.00. The debtor is a self-employed housekeeper, and is required to travel to the various homes which she cleans as part of her occupation. She uses the automobile primarily for this purpose and for transporting her cleaning equipment to these homes. The household goods are used by Mrs. Weiss and her dependent son at their home.

## CONCLUSIONS OF LAW

The question for determination here is whether the "value" to be exempt is the debtor's equity after consideration of Aetna's lien or the debtor's equity as if that security interest did not exist. Section 522(f) of the Bankruptcy Code states as follows:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, . . . held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, . . . or tools, of the trade of the debtor. . . ."

Section 522(b)(1) provides that a debtor may exempt from property of the estate certain property specified in the Code unless applicable state law specifies to the contrary. Pursuant to this authority, Colorado enacted § 13–54–107 C.R.S. 1973, as amended, thereby opting out of the federal exemptions contained in 11 U.S.C. § 522(d). The State of Colorado then substituted its own exemptions in place of the federal exemptions. The Colorado exemption provisions are contained in 13–54–101, et seq. C.R.S.1973. Thus, the liens are voidable if they impair an exemption to which the debtor would have been entitled under Colorado law. In re Lincoln, 30 B.R. 905 (Bankr.Colo.1983). The applicable exemptions in this proceeding are found at 13–54–102(1)(e), C.R.S.1973, as amended, which provides an exemption for:

"(e) the household goods owned and used by the debtor and used by his dependents to the extent of $1,500 in value."

The term "value" is then defined in 13–54–101(5) as "the fair market value of any property less the amount of any lien thereon valid as between the owner of the property and the holder of any such lien." (emphasis supplied).

Aetna argues that because Colorado has utilized its authority under § 522(b)(1) of the Code to opt out of the federal exemptions and has defined "value" to entitle a debtor to an exemption to the extent of the

debtor's equity (up to the amount of $1,500.), the debtor cannot avail herself of the lien avoidance provisions of 11 U.S.C. § 522(f) in Colorado.

Judge Clark clearly resolved this issue in *In re Redin, supra,* when she determined that § 522(f) may be utilized to avoid non-possessory, nonpurchase money security interests to the extent such interests impair the exemption to which debtors would be entitled under § 13–54–102(1)(e), C.R.S. 1973, as if the security interest in question did not exist. A clear explanation of her reasoning is set forth in that decision: "Section 522(f), in effect, creates equity equal to the amount that could be exempted if the security interest did not exist." *Id.* at p. 729. This comports with the Colorado constitutional mandate that the legislature pass "liberal homestead and exemption laws." Colorado Constitution, Art. XVIII, § 1. It also is consistent with the long-standing authority that state exemption laws are to be liberally construed. *In re Alvarez,* 14 B.R. 940 (Bankr.Colo.1982); *Sandberg v. Borstadt,* 48 Colo. 96, 99, 109 P.2d 419 (1910).

Since the decision in *Redin,* there have been various Circuit Court decisions on this issue. No such decisions appear in the Tenth Circuit.

The Fifth and Sixth Circuits have construed § 522(f) to be inapplicable in states that have opted out and provide for exemptions only to the extent of a debtor's equity. *In re Spears, supra; In re Pine, supra; In re McManus, supra.* However, the Eleventh Circuit has reached a different result, consistent with that reached in this jurisdiction. *In re Hall, supra; In re Maddox, supra.* It is interesting to note that the Eleventh Circuit, in *Maddox,* upheld the avoidance powers of § 522(f) when applied to Georgia law (which is part of the Eleventh Circuit), although the Sixth Circuit in *Pine,* looking to Tennessee and Georgia law, concluded that § 522(f) could not be used where the state has opted out of the federal exemptions, except to the extent of the debtor's equity. Subsequently, the Georgia Court of Appeals defined the Georgia exemption statute to specifically disallow a claim of exemption to the extent the property is encumbered. Thereupon, the Eleventh Circuit again reviewed the applicability of § 522(f) and its relationship with § 522(b). *In re Hall, supra.* There, the court acknowledged but declined to follow the Sixth Circuit's reasoning in *Pine.* The Eleventh Circuit concluded that irrespective of an opting-out state's limitations of state exemptions, § 522(f) operates in the bankruptcy context to permit a debtor to avoid the fixing of a lien on property if that avoidance would allow the debtor to enjoy an exemption to which the debtor would have been entitled under § 522(b), whether the state defines the property as exempt or not. The reason, of course, is that a good deal of legislative history establishes the intent of Congress to provide for such avoidance under § 522(f) to preserve debtors' rights to exempt property to the extent such property could have been exempted in the absence of the lien in question and to protect debtors from what Congress viewed as unconscionable creditor practices in the consumer loan industry. S.Rep. No. 989, 95th Cong.2d Sess. 76 (1978), reprinted in 1978 U.S. Code Cong. & Adm. News, 5787, 5861; H.R.Rep. No. 595, 95th Cong.2d Sess. 362 (1978), reprinted in 1978 U.S. Code Cong. & Adm. News, 5963, 6318. *In re Hall, supra.* As concluded by the court in *Hall:* "This evidences that debtor's lien-avoidance powers would not be eviscerated by state-defined exemptions." *In re Hall, supra,* at p. 587. Thus, the Eleventh Circuit determined that § 522(f) operated to avoid liens that impaired exemptions to which the debtor would be entitled were it not for the lien in question.

I conclude that this analysis is consistent with *In re Redin, supra,* and continues to be the better reasoned view. Further, I do not see this as creating a conflict between § 522(f) and the right of the state of Colorado to define, for its purposes, that lien-encumbered property is not exempt. Should any conflict exist, it is elementary that such conflict would have to be resolved in favor of the federal statute. U.S.

Constitution, Art. VI, Clause 2. *See Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *see, also, In re Hall, supra.*

It should also be noted that the views expressed herein (as well as those in *In re Lincoln, supra,*) do not, and are not required to, address the question of whether Colorado could limit a debtor's exemptions to less than those provided under § 522(d). However, it is clear property need not necessarily be defined as exempt under state law to be the subject of lien avoidance under § 522(f).

Accordingly, I conclude that the motion to void lien pursuant to 11 U.S.C. § 522(f), insofar as it applies to Aetna's nonpossessory, nonpurchase money security interest in household goods, should be and is granted.

■ The automobile poses a different question. I have already orally ruled that, under the facts in this case, the automobile is not a tool of the trade so as to be covered under § 522(f)(2)(B). No doubt the automobile qualifies as an exemption under Colorado state law pursuant to 13–54–102(1)(j). However, we do not reach the Colorado statute with respect to the automobile, inasmuch as § 522(f) would only be available to avoid Aetna's lien insofar as the automobile is an implement or tool of the trade. Here, it is not.

Accordingly, the motion to void lien pursuant to § 522(f) as it relates to the automobile is denied.