In re James K. BOTELER, Jr., Brenda G. Boteler, Debtors.

John P. DAY and Dorothy P. Day, Plaintiffs,

v.

James K. BOTELER, Jr. and Robert H. Ching, Jr., Trustee, Defendants.

Bankruptcy No. 80–00235.
Adv. No. 80–0176.

United States Bankruptcy Court,
S. D. Alabama.

Aug. 5, 1980.

James K. Boteler, Jr., by the United States District Court, Mobile, Alabama, in Civil Action No. 78–420–H. Debtor filed a Motion to Dismiss the Plaintiffs' petition and also filed a pleading entitled Debtor's Avoidance of Judicial Lien. The Motion to Dismiss the Plaintiffs' petition was denied and the pleading entitled "Debtor's Avoidance of Judicial Lien" will be resolved by this decision.

The Debtor claims an exemption on his residential property pursuant to the provisions of Section 522(d)(1), Bankruptcy Code. Debtor argues that he should be allowed the Section 522(d)(1) exemption, and that he should also be allowed to avoid the plaintiffs' judicial lien pursuant to Section 522(f)(1), Bankruptcy Code, even though he has no equity in the residential property. His position is that no equity is necessary because he has an interest in the property which rests upon the importance of the "homestead exemption" and its allowing the Debtor to emerge from a Chapter 7 case with sufficient property to commence a fresh start.

The Plaintiffs contend that the allowance of the claimed exemptions would exceed the permissible scope of Section 522(d)(1), *supra*, because there is no equity and Section 522(f)(1), *supra*, is inapplicable because their judicial lien does not impair an exemptable interest to which the Debtor would have been entitled.

George W. Finkbohner, Jr., Howell, Johnston, Langford, Finkbohner & Lawler, Mobile, Ala., for John P. Day and Dorothy P. Day, plaintiffs.

Edward B. McDonough, Jr., Gallalee, Denniston, Cherniak & Moon, Mobile, Ala., for James K. Boteler, Jr., debtor-defendant.

## ORDER

GORDON B. KAHN, Bankruptcy Judge.

Plaintiffs, John P. Day and Dorothy P. Day, have petitioned for relief from the automatic stay in order to proceed with the sale of the Debtors' residence to satisfy a judgment rendered in their favor against

## FINDINGS OF FACT

1. On November 4, 1974, Debtor's residence located at 7639 Adobe Ridge Road South, Mobile, Alabama, was mortgaged to Johnson-Rast-Hays Co. The mortgage was duly recorded. The balance due on the mortgage in favor of Johnson-Rast-Hays Co. is $30,751.86.

2. On July 18, 1979, a Judgment dated July 17, 1979, against James K. Boteler, Jr. (Debtor herein) and Jack W. Schoener was recorded in Probate Court, Mobile, Alabama. This judgment resulted in a judicial lien in the amount of $14,235.54 plus costs against all property of debtor subject to levy and execution pursuant to Title 6–9–211, Code of Alabama, 1972.

**410**

3. On August 16, 1979, a second mortgage on the above-described real property was duly recorded in favor of James Knox Boteler, Sr. The balance due on the mortgage in favor of James Knox Boteler, Sr. is $45,500.00.

4. Debtor filed a petition under Chapter 7, Bankruptcy Code, on March 21, 1980.

5. On June 6, 1980, an amendment to Debtor's original Schedule B–4 was filed claiming an exemptable interest in the above-described real property.

6. The current fair market value of the property at issue is $45,500.00.

## CONCLUSIONS OF LAW

A homestead exemption, like any other exemption claimed by a Chapter 7 debtor or debtors, must be carved out of the estate that is created upon the filing of the petition. Section 541, Bankruptcy Code, provides as follows:

"(a) The commencement of a case under Section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

There has been little judicial interpretation of this section. (*See*, e. g., *Matter of Upright*, 1 B.R. 694, N.D.N.Y. (1979) at p. 702 and *Matter of Levy Ford*, 3 B.R. 559, 6 BCD 202 (D.Md.1980)). However, the legislative history of Section 541 does provide guidelines as to its application.

"This section defines property of the estate, and specifies what property becomes property of the estate. The commencement of a bankruptcy case creates an estate. Under paragraph (1) of subsection (a), the estate is comprised of all legal or equitable interests of the debtor in property, wherever located, as of the commencement of the case. The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action (see Bankruptcy Act Section 70a(6), and all other forms of property currently specified in Section 70a of the Bankruptcy Act Section 70a, as well as property recovered by the trustee under Section 542 of proposed Title 11, if the property recovered was merely out of the possession of the debtor, yet remained 'property of the debtor.' The debtor's interest in property also includes 'title' to property, which is an interest, just as are a possessory interest, or leasehold interest, for example. The result of *Segal v. Rochelle*, 382 U.S. 375 [86 S.Ct. 511, 15 L.Ed.2d 428] (1966), is followed, and the right to a refund is property of the estate."

"Though this paragraph will include choses in action and claims by the debtor against others, *it is not intended to expand the debtor's rights against others more than they exist at the commencement of the case*. (Emphasis supplied.) For example, if the debtor has a claim that is barred at the commencement of the case by the statute of limitations, then the trustee would not be able to pursue that claim, because he too would be barred. He could take no greater rights than the debtor himself had . . ."

"Paragraph (1) has the effect of overruling *Lockwood v. Exchange Bank*, 190 U.S. 294 [23 S.Ct. 751, 47 L.Ed. 1061] (1903), because it includes as property of the estate all property of the debtor, even that needed for a fresh start. After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. Sec. 522, and the Court will have jurisdiction to determine what property may be exempted and what remains as property of the estate . . . .".

\*     \*     \*     \*     \*     \*

House Report No. 95–595, 95th Cong. 1st Sess. (1977) 367–8; Senate Report No. 95–989, 95th Cong. 2nd Sess. (1978) 82–3, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6323.

Section 541 is therefore a departure from its predecessor Section 70a, Bankruptcy Act, under which title to all property of the debtor, wherever located, *except exempt property*, vested in the trustee as of the date of bankruptcy.

Hence, in spite of the breadth of Section 541, Congress has instructed not only that the right claimed must exist when bankruptcy is filed, but also that the right must be claimed via Section 522, Bankruptcy Code.

Section 522 is the statutory authority that enables the debtor to divest the trustee of certain property which falls under his supervision at the inception of the case:

"(b) Notwithstanding Section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize * * "

The legislative history aids in interpreting the legislative enactment:

\*      \*      \*      \*      \*      \*

"Under proposed 11 U.S.C. Section 541 all property of the debtor becomes property of the estate, but the debtor is permitted to exempt certain property from property of the estate under this section. *Property may be exempt even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the 'value' of the property for the purposes of exemption.* (Emphasis supplied.) Thus, for example, a residence worth $30,000.00 with a mortgage of $25,000.00 will be exemptable to the extent of $5,000.00. This follows the current law. *The remaining value of the property will be dealt with in the bankruptcy case as is any interest in property that is subject to a lien.*" (Emphasis supplied.)

\*      \*      \*      \*      \*      \*

House Report No. 95–595, 95th Cong. 1st Sess. (1977) 360–1, U.S.Code Cong. & Admin.News 1978, p. 6316.

Thus while the debtor is given the right to an exemption, that right is not without limitation. Rights which did not exist as of the date of bankruptcy are not created by either Section 541 or Section 522. Section 541 takes every possible interest of the debtor under consideration when the estate is created, but Section 522(b)(1) qualifies and limits that section by permitting the debtor to exempt certain property from the reach of Section 541. To be exemptable, the property must be unencumbered to the extent of that interest. Therefore, in granting or allowing a claimed exemption, this Court is of the opinion that it is compelled to find an "unencumbered portion".

In the case at bar, in addition to the Plaintiffs' judicial lien, there are two mortgages with a total balance far in excess of the fair market value of the property which preclude the existence of any "unencumbered portion".

Debtor nevertheless moves to avoid the intervening judicial lien claiming that it impairs an exemptable interest. The debtor's argument is based upon his interpretation of Section 522(f) of the Bankruptcy Code.

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien," * * *

While Section 522(f)(1) provides the debtor under the Bankruptcy Code with clout he did not previously enjoy, Congressional intent to limit this power is expressed in the legislative history as follows:

"Subsection (f) protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. *The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien,* (Emphasis supplied.) and may similarly avoid a nonpurchase-money

security interest in certain household and personal goods. The avoiding power is independent of any waiver of exemptions." House Report No. 95–595, 75th Cong. 1st Sess. (1977) 362; Senate Report No. 95–989, 95th Cong. 2nd Sess. (1978) 876 (under subsection (e)), U.S.Code Cong. & Admin.News 1978, p. 6318.

There are two mortgages encumbering the property upon which the exemption is claimed. In the absence of a judicial lien, the presence of these two mortgages reduces the exemptable interest of the debtor to *zero.*

The debtor argues that he would be entitled to the exemption and relies upon *Matter of Levy Ford,* 3 B.R. 559, 6 BCD 202 (D.Md., 1980) which this Court finds inapplicable to this case. The *Ford* case dealt with a situation involving property held in tenancy by the entireties where only one spouse filed bankruptcy and where that spouse elected to exempt personal and real property. The rationale is limited to an interpretation of Maryland law, and that is not the case here.

 The property at issue is subject to two valid mortgages *and* a judicial lien. In the absence of the judicial lien, the two mortgages remain in excess of the fair market value. The judicial lien must impair an interest of the debtor in property to which the debtor would have been entitled under Section 522(b), *supra.* Where there is no impairment of the debtor's interest, the judicial lien is not subject to avoidance.

## ORDER

Now therefore, it is ORDERED that the automatic stay imposed by 11 U.S.C. Sec. 362(a) be, and the same hereby is TERMINATED insofar as it relates to the enforcement of the judicial lien held by John P. Day and Dorothy P. Day, against the following described real property, to-wit:

7963 Adobe Ridge Road South,

Mobile, Alabama,

and John P. Day and Dorothy P. Day may proceed to enforce said lien against the above-described real property in accordance with the laws of the State of Alabama; and it is

FURTHER ORDERED that Debtor's petition entitled Avoidance of Judicial Liens be and it hereby is DENIED.