In re Billy H. CANADY, Sr. and Belva C. Canady, Debtors.

RETREAT INVESTMENT CORPORATION,
Plaintiff,

v.

Billy H. CANADY, Sr. and Belva C. Canady and Joseph Neiman, Trustee, Defendants.

Bankruptcy No. 5–81–017.
Adv. No. 205–5–81–0037.

United States Bankruptcy Court,
D. Connecticut.

March 6, 1981.

Lublin, Kagan, Lublin, Wolfe, Kantor & Litman, East Hartford, Conn., for plaintiff.

William L. Tobin, Waterbury, Conn., for debtors.

Joseph Neiman, Newington, Conn., Trustee.

## DECISION ON APPLICATION TO LIFT AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.*

The standing Chapter 13 trustee argues that the debtors might employ Code § 522(f) to avoid a judicial lien held by the plaintiff and thereby create some equity for the debtors in their residence sufficient to defeat the plaintiff's request for relief under Code § 362(a).

The plaintiff, Retreat Investment Corporation, filed its complaint with this court seeking relief from the automatic stay imposed against it under Code § 362(a) of the Bankruptcy Reform Act of 1978. The plaintiff's security for its debt consists solely of a third mortgage on residential real estate owned by the debtors. The plaintiff seeks to complete a state court foreclosure action which was commenced prior to January 9, 1981, when the debtors filed with this court their joint petition for relief under Chapter 13 of the Bankruptcy Code.

### FINDINGS OF FACT

1. The debtors mortgaged their residential real estate owned jointly by them and located in Waterbury, Connecticut, on or about October 14, 1976. The property was the sole security for a debt they owed the plaintiff. After the debtors defaulted on this mortgage in March, 1979, the plaintiff commenced an action in the Connecticut State Court for foreclosure of the mortgage, which resulted in a judgment of strict foreclosure in favor of the plaintiff on July 14, 1980. The judgment debt on that date was $8,593.00. The law day set for the debtors to redeem or thereafter lose their interest in the real estate was January 14, 1981. The judgment, together with interest thereon, now exceeds $9,013.00.

2. The mortgage, which has now been merged into a judgment of foreclosure, is junior to a mortgage in favor of the First Federal Savings and Loan Association of Waterbury, with a present balance of $9,351.59, and a mortgage in favor of the Jefferson Federal Savings and Loan Association, with a present balance of $8,998.13. The plaintiff's foreclosure judgment is senior to a judgment lien in favor of the Colonial Bank in the amount of $1,055.05. The total secured indebtedness amounts to $28,417.87.

3. The plaintiff's real estate expert valued the property at $27,500, arriving at this figure by means of the comparable sales market data valuation approach. He took into consideration the location of the property in the City of Waterbury, the character of the neighborhood, the age of the structure, the fact that the building lacked a central heating system and the adverse economic environment for selling residential real estate based on high interest rates. There was no evidence to contradict this valuation.

4. In attempting to establish some equity in their residence, the debtors note that the indebtedness owed to the Jefferson Federal Savings and Loan, which they admitted in their answer amounted to a balance of $8,998.13, provided for a rebate of precomputed finance charges in the event of prepayment in full before maturity. Therefore, they argue that the value of this mortgage should be reduced to the amount that would be paid if it were now paid off in full. There is no justification for treating this encumbrance for less than the face amount owed, especially since there was no evidence to indicate that the debtors intended to or had the means to pay off the Jefferson Federal Loan in full at this time so as to trigger the contract rebate to be allowed in the event of full payment now. On the contrary, the debtors indicated that their plan called for them to continue making monthly payments on that mortgage loan.

5. The debtors have not offered the plaintiff any additional protection for their secured interest to support a continuance of the automatic stay.

---

* U.S.B.J., Southern District of New York, sitting by designation of the Chief Judge, United States Court of Appeals, Second Circuit.

6. The evidence reveals that with a secured indebtedness of $28,417.87, as compared with a value of $27,500 for the property in question, the debtors lack equity in this property.

7. Since the debtors concededly cannot make full payment to the plaintiff for its judgment lien during the period of their plan, but hope instead, to bring the indebtedness current during the term of their plan, and thereafter to reactivate the mortgage and make current payments during the life of the mortgage, it necessarily follows that their Chapter 13 plan cannot be effectuated and that no effective rehabilitation is likely under their plan.

## DISCUSSION

This court has found that the plaintiff is not adequately protected to the extent of its judgment lien and that the debtors have no equity in their residence, which is the sole basis for the plaintiff's security interest under its third mortgage, and which has been merged into a foreclosure judgment. Moreover, the Chapter 13 debtors cannot expect to effectuate a plan which only proposes to cure the default under the plaintiff's mortgage during the plan and to reactivate the mortgage so that current payments would be made after the completion of the plan and during the term of the reactivated mortgage.

Although Code § 1322(b)(2) prohibits a modification of the rights of secured interests in real property that is the debtor's principal residence, a Chapter 13 plan may, nevertheless, provide for the curing of any default within a reasonable time, as permitted under Code § 1322(b)(5), and maintenance of payments while the case is pending on secured claims "on which the last payment is due *after the date* on which the final payment under the plan is due." [Emphasis added] In this case the last payment due under the plaintiff's secured claim cannot be paid after the term of the plan because the entire amount must be paid under the plan. The debtors cannot reactivate a mortgage that was already merged into a judgment of foreclosure before the

debtors filed their Chapter 13 petition. There is no authority under Chapter 13 comparable to Code § 1124(2)(B), involving Chapter 11 plans, whereby an accelerated mortgage on a principal residence can be reinstated to the maturity date that existed before the default.

At the time that the debtors filed their Chapter 13 petition the plaintiff's secured claim had been merged into a judgment of foreclosure under the imprimatur of the Connecticut State Court. Accordingly, the entire judgment lien must be paid under the plan. This court cannot resurrect a mortgage that has been laid to final rest by a state court. It has been stated that a Bankruptcy Court "cannot cultivate rights where none can grow." *In re Butchman*, 4 B.R. 379, 6 B.C.D. 403 (Bkrtcy.S.D.N.Y. 1980); *In re GSVC Restaurant Corp.*, 3 B.R. 491, 6 B.C.D. 134 (Bkrtcy.S.D.N.Y.1980) aff'd 10 B.R. 300, 6 B.C.D. 295 (S.D.N.Y. Dist.Ct.1980).

The resourceful standing trustee has, however, raised a beguiling point as to the plaintiff's judicial lien. He suggests that the debtors be allowed to set aside the plaintiff's judicial lien, in accordance with the authority under Code § 522(f), because their exemptions permitted under Code § 522(d)(1) total $15,000, and are impaired by the $8593 judgment of foreclosure.

It is abundantly clear that Code § 522(f) is made applicable to Chapter 13 cases by Code § 103(a). *In re Ohnstad*, 6 B.C.D. 6 (S.Dak.1980); *In re Sweeney*, 7 B.R. 814, 3 C.B.C.2d 523 (Bkrtcy.E.D.Wis.1980); *In re Brahm*, 7 B.R. 253, 3 C.B.C.2d 462 (Bkrtcy.S.D.Ohio 1980). However, there has been no judicial determination that the plaintiff's lien is invalid, nor has there been any adversary proceeding commenced to have it avoided. Therefore, the plaintiff's judgment lien continues of record against the property in question.

There is a more fundamental reason, nevertheless, why the plaintiff's judgment lien cannot be disregarded for the purpose of ascertaining equity in the property for the debtors. Apart from the procedural

shortcomings, in order for the debtors to set aside a judicial lien under Code § 522(f) it must first be shown that the judicial lien to be avoided impairs an otherwise available exemption under Code § 522. A debtor may avoid a judicial lien in accordance with the authority under Code § 522(f) "to the extent that such lien impairs an exemption to which the debtor *would have been entitled* under subsection (b) of this section . . .". [Emphasis added] Thus, the debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien. See *House Report No. 95–595*, 95th Cong., 1st Sess. (1977) p. 362, U.S.Code Cong. & Admin.News 1978, 5963; *Senate Report No. 95–989*, 95th Cong., 2d Sess. (1978) p. 76, U.S.Code Cong. & Admin.News 1978, 5787.

In the instant case, the judicial lien does not impair any exemption because the underlying mortgage upon which it is based gave rise to a secured interest in the property to which no exemption could attach. Under Code § 522(c)(2)(A) and (B), a lien that is not avoided under §§ 544, 545, 547, 548, 549, 724(a) or 506(d) is not subject to a debtor's right of exemption. It is only the debtors' equity, if any, in the property in question over and above valid liens which is capable of supporting an exemption under Code § 522. *In re Morgan*, 6 B.R. 701, 6 B.C.D. 1202 (Bkrtcy.M.D.Tenn.1980); *In re Boteler*, 5 B.R. 408, 6 B.C.D. 798 (Bkrtcy.S. D.Ala.1980). Having no interest in the property in question to which the debtors' asserted exemptions could attach, the plaintiff's judicial lien does not therefore impair any exemption that might have otherwise existed. Accordingly, Code § 522(f) offers no comfort to the debtors.

## CONCLUSIONS OF LAW

1. The plaintiff has established that the debtors lack equity in their residence, which is the sole basis for the plaintiff's security interest under a third mortgage which has been merged into a foreclosure judgment.

2. The debtors have not offered to the plaintiff any additional protection of its secured interest and they cannot expect to effectuate a plan of rehabilitation which only proposes to cure the default under the merged mortgage.

3. The plaintiff's judicial lien does not impair an otherwise available exemption under Code § 522 and, therefore, may not be avoided under Code § 522(f), because the debtors do not have any equity in the property in question to support an exemption.

4. The plaintiff is entitled to an order for relief from the automatic stay imposed under Code § 362.

SETTLE order on notice.