In the Matter of Mary LARUE, Debtor.

Mary LARUE, Plaintiff,

v.

LAKE VIEW TRUST AND SAVINGS BANK, Defendant.

Bankruptcy No. 81 B 00040.
Adv. No. 81 A 0023.

United States Bankruptcy Court,
N. D. Illinois, W. D.

Sept. 1, 1981.

Bernard Natale, Rockford, Ill., for LaRue.

Karl Winkler, Rockford, Ill., for Lake View.

## MEMORANDUM DECISION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Complaint of Mary LaRue to Avoid the Judgment Lien of Lake View Trust and Savings Bank under Section 522(f)(1) of the Bankruptcy Code.

\* \* \*

Judge Britton aptly characterized *In re Sillani*, 9 B.R. 188, 3 C.B.C.2d 883, (Bkrtcy. S.D.Fla.) as a case which "presents the somewhat confusing question of the effect of the Bankruptcy Code on a pre-bankruptcy judicial lien". This case may be similarly characterized. It raises a number of questions regarding Congress' intent in the drafting of the many sections of the Bankruptcy Code permitting liens to be avoided or voided:

1. Are "avoid" and "void" synonymous? Semantics or substance? For the record, "avoid" or "void" may be found in the following sections of the Bankruptcy Code: 349(b)(1)(B) and (C), 363(n), 506(d), 522(c), (f), (g), (h), (i) and (k), 524(a), 551, 544, 547(b), 548, 549 and 724(a). The list is not thought to be exhaustive.

2. Section 522(f): Does the opening conditional phrase, "Notwithstanding any waiver of exemptions" apply to judicial liens?

3. Does Section 522(f)(1) apply only to personal property? An argument can be made that Subsections (A), (B) and (C) of Section 522(f)(2) also modify Section 522(f)(1).

4. Section 522(f): Do the words "The debtor may avoid *the fixing of* a lien" mean something different from just plain "The debtor may avoid a lien"?

5. What is a judicial lien: Section 101(27) defines it as a "lien obtained by judgment..."; but how is that definition applied to the following situation:

(Assume a judgment creditor has filed his Memorandum of Judgment in the County Recorder's Office, as required to perfect a judgment lien in Illinois.) If the first mortgage is equal to the value of the real estate, does the judgment creditor have a judicial lien? If the first mortgage and homestead are equal to the value of the real estate, does the judgment creditor have a judicial lien? If the debtor owns no real estate, does the judgment creditor have a judicial lien? Is it an unsecured judicial lien? Is that a contradiction in terms?

6. Section 522(f): What does "to the extent that such lien impairs" mean? More specifically, how does this learned Court mathematically compute the extent of impairment and translate it into a judgment order?

7. What practical legal benefit will such an order confer on the debtor? What realignment of the rights of the parties has been achieved?

8. If a judicial lien is avoided during the bankruptcy proceedings, may it emerge later to haunt the debtor when he attempts to sell his real estate?

9. Why isn't 522(f) mentioned in the omnibus provisions of Section 522(c)?

10. If a judicial lien can be voided under Section 506(d) to the extent it is unsecured, why would a debtor require relief under Section 522(f)(1)?

11. If Section 524(a) prohibits actions to collect an unsecured debt after discharge, why would a debtor require relief from an "unsecured judicial lien" under Section 522(f)(1)?

12. Is the rule of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004, intact? See *In re Williams* 4 C.B. C.2d 95.

## ANALYSIS

The facts are as follows:

| | |
|---|---|
| $30,500.00 | Value of real estate |
| 23,000.00 | First Mortgage |
| 7,500.00 | |
| 5,000.00 | Second Mortgage |
| 2,500.00 | Debtor's equity (exemptible interest) |

| | |
|---|---|
| 10,000.00 | Maximum Illinois Homestead Exemption available |
| 3,222.38 | Recorded Judgment Lien |

Counsel for Lake View asks that the Court order Lake View's judicial lien to be subordinated to LaRue's full $10,000 available Illinois Homestead Exemption. But that is not the interpretation this Court puts on Section 522(f)(1).

The statute does not talk about subordinating judicial liens, but rather it talks about avoiding judicial liens. Counsel for Lake View offers no authority for the proposition that "subordinating" and "avoiding" are one and the same.

Secondly, to Lake View's advantage, it would appear that LaRue may avoid the judicial lien only to the extent of her equity, or exemptible interest.

The legislative history of Section 522(f)(1) states:

"The debtor may avoid a judicial lien on any property to the extent that the property *could have been exempted* in the absence of the lien." (Emphasis supplied.)

And the legislative history to Section 541 states:

"Property may be exempt even if it is subject to a lien, but *only the unencumbered portion* of the property is to be counted in computing the value of the property for the purposes of exemption." (Emphasis supplied.)

■ It would appear, then, that the avoiding rights of the debtor are limited to the exemptible interest as of the date of bankruptcy. If the debtor's equity or exemptible interest is $2,500 on the date of bankruptcy, the order avoiding liens should entitle the debtor to avoid a judicial lien only to that amount. See *In re Boteler*, 5 B.R. 408, 6 B.C.D. 798 (Bkrtcy.S.D.Ala.). (The opposite conclusion is reached in *In re Kursh*, 9 B.R. 801, 4 C.B.C.2d 84 (Bkrtcy.W. D.Mo.) and *In re Lovett*, 11 B.R. 123, 4 C.B.C.2d 89 (W.D.Mo.), but those cases deal with consensual security interests under Section 522(f)(2).)

CONCLUSION

LaRue is entitled to avoid the fixing of Lake View's $3,222.38 judicial lien to the extent of $2,500.00.

It is so ORDERED.