In the Matter of Vernon Craig
DAVIS, Debtor.

Vernon Craig DAVIS and I. I. Ozar,
Trustee in Bankruptcy, Plaintiff,

v.

Michael S. FRIEDMAN, Defendant.

Bankruptcy No. 81–00327–3.
Adv. No. 81–0239–3.

United States Bankruptcy Court,.
W. D. Missouri, W. D.

Jan. 22, 1982.

**548**

James R. Anderson, Kansas City, Mo., for plaintiff.

Michael H. Berman, Kansas City, Mo., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT GRANTING COMPLAINT FOR AVOIDANCE OF A JUDICIAL LIEN

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff has filed a complaint for avoidance of a judicial lien on the following described property: 5727 Woodland, Kansas City, Jackson County, Missouri. Trial of the issues made by the pleadings was conducted by the court on December 21, 1981, whereupon the plaintiff appeared personally and by his counsel, James R. Anderson, Esquire, and the defendant appeared by counsel, Michael H. Berman, Esquire. The evidence then adduced clearly and without contradiction demonstrated the existence of a judicial lien on the above-de-

scribed property.[1] The only dispute is over whether the judicial lien "impairs an exemption to which the debtor would have been entitled" within the meaning of § 522(f)(1) of the Bankruptcy Code. In this regard, it is the defendant's contention that the evidence which was adduced in this action (which consists of the testimony of the plaintiff only) does not admit of any finding by the court that there is any equity in the property which can be impaired by the judicial lien.[2] For the plaintiff clearly testified that he had "no idea" of the current value of the property. Thus, there is clearly no showing that, as of the time of the hearing, the value of the real property exceeded the balance due on a pre-existing loan and encumbrance, which balance due is $12,000. But the plaintiff also testified that, according to his present memory refreshed by a review of the schedules which he had filed to commence these title 11 proceedings, he had an opinion of the value of the property as of the date of the filing of those schedules. That opinion was $17,000, an amount greater than the balance due on the pre-existing lien. Thus, according to the plaintiff's uncontradicted testimony, he had an equity in the property as of the date of bankruptcy in which he was entitled to an exemption under § 522 of the Bankruptcy Code. His opinion of value, rendered as an owner of the property with knowledge of its condition and its purchase price, is admissible in evidence under Rule 702 of the Federal Rules of Evidence and is entitled to probative weight, particularly when, as here, it is uncontradicted. Nor is its probative weight destroyed or diminished by plaintiff's testimony that he currently has "no idea" of the value of the property. Rather, the absence of any current opinion

---

1. The uncontradicted evidence is to the effect that, on May 15, 1980, a judgment of the state court of Virginia was registered in the Circuit Court of Jackson County, Missouri, against plaintiff in this action and for the defendant "in the sum of $9,208.32 plus interest at the rate of 6% per annum from May 19, 1978 to May 31, 1979 in the amount of $552.48, and with interest thereafter at the rate of 8% per annum, plus $32.25 court costs incurred in the Circuit Court of the City of Alexandria, Virginia, and for the costs herein incurred and expended."

By operation of law, this judgment became a lien against the plaintiff's real estate in Jackson County. See section 511.350 RSMo.

2. "The judicial lien must impair an interest of the debtor in property to which the debtor would have been entitled under Section 522(b) ... Where there is no impairment of the debtor's interest, the judicial lien is not subject to avoidance." *In re Boteler*, 5 B.R. 408, 412 (Bkrtcy.S.D.Ala.1980).

on the value of the property is adequately explained by plaintiff in his statements that this is due to the changes in the property since the time of the filing of the petition and the changes in market conditions. Therefore, the judgment of lien avoidance, under the provisions of § 522(f)(1) of the Bankruptcy Code, must be granted.

■ The defendant's counsel complains that the complaint is defective in failing to make certain allegations.[3] It is sufficient, however, to apprise the defendant that plaintiff was seeking avoidance of the lien on the described real property and proposed to prove all the necessary elements of such a claim.[4] The contention in this regard must therefore be denied as meritless.

It is therefore

ADJUDGED that plaintiff's complaint for avoidance of the defendant's judicial lien on the above described real property be, and it is hereby, granted.

---

**3.** It is complained that the plaintiff's complaints make no mention of an exempted interest in the property. The issue was the subject of most of the evidence adduced in the trial, however, and no actual prejudice is claimed by omission of the technical allegation from the complaint. Objection was not interposed on this ground until the end of the trial. Therefore, amendment of the pleading—even if the technical allegation is necessary—to conform to the evidence should be permitted in consonance with Rule 15(b) of the Federal Rules of Civil Procedure. See Rule 715 of the Rules of Bankruptcy Procedure. Even if objection had been timely interposed, the amendment should be allowed in the interest of justice in the absence of any claim of actual prejudice. "If

evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits." Rule 15(b) of the Federal Rules of Civil Procedure.

**4.** And otherwise, sufficient facts are set out in the amended complaint fairly to apprise the defendant of the relief being sought by the plaintiff.