**In re Melvin GILES and Wanda Giles, Debtors.**

**Melvin GILES and Wanda Giles, Plaintiffs,**

v.

**CREDITHRIFT OF AMERICA, INC., Defendant.**

**No. CIV–1–81–308.**

United States District Court, E. D. Tennessee, S. D.

March 22, 1982.

MEMORANDUM

FRANK W. WILSON, Chief Judge.

The debtors, residents of Rossville, Georgia, instituted the present action against Credithrift in the Bankruptcy Court to avoid its security interest in certain of their household goods, furnishings, and appliances. Judge Kelley in the Bankruptcy Court, 9 B.R. 135, ordered Credithrift's lien avoided. Credithrift has appealed.

Credithrift had a $1,361.95 nonpossessory, nonpurchase-money security interest in various appliances and furniture of the debtors. The Bankruptcy Court held this lien could be avoided under the exemption statute, 11 U.S.C. § 522. In relevant part it reads:

"(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either— ·

"(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

"(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place;

\*　　\*　　\*　　\*　　\*　　\*

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

\*　　\*　　\*　　\*　　\*　　\*

"(2) a nonpossessory, nonpurchase-money security interest in any—

Mark T. Young, Chattanooga, Tenn., for debtors-plaintiffs.

Mark Mayfield, Lawrence Ahern, III, Chattanooga, Tenn., for defendant.

"(A) household furnishings, household goods, wearing apparel, appliances, books, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; * * * "

Georgia rejected the federal exemptions of § 522(d) as allowed under 11 U.S.C. § 522(b)(1) by enacting Ga.Code Ann. § 51–1601. The exemptions permitted under Georgia law are set forth at Ga.Code Ann. § 51–1301.1 which reads:

"[A]ny debtor ... may exempt ... for the purposes of bankruptcy ...

"(1) The debtor's aggregate interest, not to exceed $5,000 in value, in real property or personal property that the debtor or a dependent ... uses as a residence ...; and

"(2) The debtor's right to receive:

"(A) A social security benefit, unemployment compensation, or a local public assistance benefit;

"(B) A veteran's benefit;

"(C) A disability, illness, or unemployment benefit;

"(D) Alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

"(E) A payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent reasonably necessary for the support of the debtor and any dependent of the debtor; and

"(3) The debtor's interest, not to exceed $800 in value, in one motor vehicle; and

"(4) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances ... that are held for the personal, family, or household use of the debtor or a dependent of the debtor. The exemption of the debtor's interest in the items contained in this subsection shall not exceed $3500 in total value; and

"(5) The debtor's aggregate interest, not to exceed $400 in value, in jewelry ...; and

"(6) The debtor's aggregate interest ... in any property; and

"(7) The debtor's aggregate interest ... in any implements, professional books, or tools of the trade ...; and

"(8) Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract; and

"(9) The debtor's aggregate interest ... in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract ...; and

"(10) Professionally prescribed health aids for the debtor or a dependent of the debtor; ...."

Credithrift maintains that § 522(f) does not apply to its security interest in the debtor's property. Credithrift claims that because § 522 was a last minute compromise between the Senate and House bills, the legislative reports relied upon by Judge Kelley were actually written prior to the statute taking its final form and as such are entitled to less weight. It is also urged that the specific language of § 522(f) makes it inapplicable in the case at hand for two reasons. Credithrift says the language stating the debtor may avoid "the fixing of a lien" on his property only applies to future liens, not pre-existing liens. Secondly, Credithrift says when § 522(f) lets a debtor avoid liens "on an interest of the debtor in property," it does not apply because the debtor has no interest in property subject to a security interest. Also, Credithrift would have this Court construe the Georgia statute to allow the debtor to exempt only his equity interest in the property, and not that part of the property subject to a security interest. For the reasons stated below, the Court does not find these arguments persuasive and the decision of the Bankruptcy Court is affirmed.

Regardless of whether the legislative reports referred to by Judge Kelley and reprinted in 5 U.S.Code Cong. & Admin.News (1978) at 5787 preceded the compromise which emerged as Section 522, it is clear that Congress had two overriding reasons for enacting the legislation. The first was to allow the debtor, at the conclusion of the bankruptcy proceedings, sufficient property

to support his family and maintain his dignity while starting down the path toward financial rehabilitation. *See In re Head*, 4 B.R. 521 (Bkrtcy., D.Tenn.1980), *Matter of Hahn*, 5 B.R. 242 (Bkrtcy., S.D.Iowa 1980). The second reason was to prevent lending institutions from taking a security interest in household goods, not because of their value—which is often minimal on resale—but because of the leverage lenders could exert on the debtor to reaffirm discharged debts by threatening repossession of the household property. *See In re Head*, 4 B.R. 521 (Bkrtcy., D.Tenn.1980), *Matter of Meyers*, 2 B.R. 603 (Bkrtcy., E.D.Mich.1980).

In light of these legislative goals, Credithrift's urged construction of Section 522 cannot stand. To provide the debtor with a fresh start, Section 522 must apply to pre-existing liens. Nothing need be added to Section I of the well-reasoned opinion of Judge Kelley in the Bankruptcy Court. Likewise, the debtors clearly have an "interest" in their household goods sufficient to qualify for Section 522's exemption power even if the goods are subject to a security interest up to their full value. A security interest does not preclude other interests in the collateral.

Finally, Credithrift's argument that the language of the Georgia statute exempting portions of the "debtor's interest" or the "Debtor's aggregate interest" in certain property only allows Section 522(f) to affect the debtor's equity interest in property cannot be supported. It is true that the exemption provision, Part (b), only acts on the debtor's equity interest, however Part (f) acts to avoid liens. If Part (f) was only applicable to the debtor's equity interest, it would accomplish no more than Part (b) and it would fail to achieve the Congressional goal of preventing lenders from exerting undue pressure on debtors through threats to repossess households goods. Part (f) allows the debtors to avoid liens on household goods that *would have been exempt* under Part (b), but for nonpossessory, nonpurchase money security interests. The result reached in the Bankruptcy Court is affirmed.

An appropriate order will enter.