## In the Matter of Frank Newton SCHMIDT, Shirley Ann Schmidt, Debtors.

## Frank Newton SCHMIDT, Shirley Ann Schmidt, Plaintiffs,

v.

## Gerald KESSLER, Defendant.

## Bankruptcy No. B82–1480–Y.
## Adv. No. 83–0067.

United States Bankruptcy Court, N.D. Ohio.

Oct. 21, 1983.

Robert A. Ciotola, Youngstown, Ohio, for plaintiffs.

Mark Belinky, Youngstown, Ohio, for defendant.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Bankruptcy Judge.

The question presented to the court in this adversary proceeding is the extent to which a judicial lien on exempt property is subject to the debtors' avoidance powers

when the judicial lien impairs the debtors' exemption in the property. Involved is the interpretation of Section 522(f) of the Bankruptcy Code and an analysis of the purposes to be served by that provision.

I

The controversy at hand arises from the following facts: The property in question is the debtors' residence which has an appraised fair market value of approximately $78,000.00. The property is encumbered by two mortgages totalling approximately $70,825.68, leaving the debtors some $7,174.82 of equity. The debtors claim a homestead exemption in the real estate of $10,000.00. 11 U.S.C. § 522(b)(2)(A); Section 2329.66(A)(1) of the Ohio Revised Code. The judgment lien which is the target of debtors' avoidance effort is for approximately $14,000.00. The narrow question which arises is how much of the judicial lien may the debtors avoid pursuant to 11 U.S.C. § 522(f)(1), which provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien * * *

(Emphasis added).

The defendant (judgment lienor) claims that his lien is voidable only to the extent of the debtors' equity in the exempt property. In other words, the judgment lienor contends that only $7,174.82 of his $14,000.00 lien may be voided. He cites the wording in Section 522(f)(1) underscored above and claims, therefore, that because debtors have only $7,174.82 of equity, the judicial lien impairs the debtors' exemption in that amount only. The remaining $6,826.18 of the judicial lien would, in his view, remain intact.

The judgment lienor finds support for his assertion in *In re LaRue,* 13 B.R. 846, 4 C.B.C.2d 1520 (Bkrtcy.N.D.Ill.1981). In *La-Rue,* the debtor's property was valued at $30,500.00 subject to two mortgages worth

$28,000.00, leaving the debtor an equity of $2,500.00. A judicial lien on the property was valued at approximately $3,000.00. Although the debtor was entitled to an exemption of $10,000.00 the court voided the lien only to the extent of $2,500.00, the amount of the debtor's equity. The court's reasoning was that the debtor's exemption could only be impaired by the lien to the extent that the debtor had equity in the exempt property. The $500.00 balance of the lien would remain fixed. Contrary to the debtors' assertion in their brief, *LaRue* is not the only case to follow this reasoning. *See, e.g., In re Asplund,* 21 B.R. 139 (Bkrtcy.W.D.Wis.1982); *In re Canady,* 9 B.R. 428 (Bkrtcy.D.Conn.1981); *In re Redin,* 14 B.R. 727, 8 B.C.D 332 (Bkrtcy.D.Colo. 1981); *In re Miller,* 8 B.R. 43 (Bkrtcy.W.D. Mo.1980); *In re Webber,* 7 B.R. 580 (Bkrtcy. D.Or.1980); *In re Boteler,* 5 B.R. 408, 6 B.C.D. 798 (Bkrtcy.S.D.Ala.1980). The implications of *LaRue* and these cases are that lien avoidance under Section 522(f) is inoperative unless the debtor has equity in the property, and then it operates only to the extent of the debtor's equity.

Congressional intention in this regard is subject to dispute. A sizeable number of courts have chosen not to follow the result in *LaRue. See, e.g., In re Eldridge,* 22 B.R. 218 (Bkrtcy.D.Maine 1982); *In re Kursh,* 9 B.R. 801, 7 B.C.D. 592, 4 C.B.C.2d 84 (Bkrtcy.W.D.Mo.1981); *In re Lovett,* 11 B.R. 123, 7 B.C.D. 585, 4 C.B.C.2d 89 (W.D. Mo.1981); *In re Gorkum,* 4 B.R. 689, 6 B.C.D. 541, 2 C.B.C.2d 477 (Bkrtcy.D.S.D. 1980); *In re Cole,* 15 B.R. 322 (Bkrtcy.W.D. Mo.1981); *In re Ford,* Bankr.L.Rep. (CCH) para. 67429 (Bkrtcy.D.Md.1980); *In re Giles,* 18 B.R. 708 (E.D.Tenn.1982); *In re Acklin,* 17 B.R. 614 (Bkrtcy.W.D.Pa.1982). The essence of the divergence on this issue lies in the differing interpretations given to the language in Section 522(f) which states that the lien may be avoided "to the *extent* that such lien impairs an exemption to which the *debtor would have been entitled.*" (Emphasis added). The legislative history of Section 522(f) appears to support the interpretation of the *LaRue* line of cases:

Under proposed 11 U.S.C. § 541 all property of the debtor becomes property of the estate, but the debtor is permitted to exempt certain property from property of the estate under this section. *Property may be exempt even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the "value" of the property for purposes of the exemption. Thus, for example, a residence worth $30,000 with a mortgage of $25,000 will be exemptible to the extent of $5000. . . . The remaining value of the property will be dealt with in the bankruptcy case as is any interest in property that is subject to a lien.* H.R.Rep. No. 595, 95th Cong., 1st Sess. 360–61 (1977) *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6316. (Emphasis added). However, not all courts which have addressed this question have read the statute and this portion of the legislative history as dispositively as have courts of the *LaRue* line.

## II

Not unlike other provisions of the Bankruptcy Code, Section 522(f) exists to protect a debtor's exemptions and to facilitate the "fresh start" concept in the reordering of his financial affairs. H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977) reprinted in 1978 U.S.Code Cong. & Admin.News 6318. The purpose of Section 522(f) is stated in the following excerpt of legislative history:

In addition, the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an over burdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to exemptions.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 126–27 (1977) *reprinted in* 1978 U.S.Code Cong. & Admin.News 6087–88. Against the backdrop of this legislative history the court must try to discern how Congress intended Section 522(f) to operate. In addition, the court must be alert to the general policy goal of the code to "provide relief for the overburdened debtor" *id.,* in a way that is fair and equitable to all parties. Further the court has the responsibility to provide clear standards and guidance for future litigants.

## III

The most troubling aspect of the judgment lienor's theory on the mechanics of Section 522(f) is the inexactness by which the rights of the parties are to be adjusted. More specifically, defining the debtors' equity in the property is merely a guess, however educated the same may be. The appraisers can estimate the value of the property, but market fluctuations, interest rates and general economic factors can, and obviously do, alter its value during the course of administering the debtors' estate. Ultimately, neither the court nor the parties in interest can know the true value of the property until it is sold on the open market. Only when the value of the property has been thus determined, can the debtor's equity be stated with precision.

This is not to suggest that Section 522(f) does not operate until the property is sold, nor does it suggest that the court is adopting a "wait and see" attitude concerning valuing the extent to which a lien impairs the debtor's exemption. On the contrary, the court believes that the rights of the parties should be adjudicated as quickly and deliberately as possible. However, the court will not, if it believes a viable alternative exists, adjust the relative status of the parties by relying on an estimate of the debtor's equity which may prove to be inaccurate. That alternative is simply to void the judicial lien on the exempt property to the exact amount which the debtor may claim as exempt. In this case, the court will void the judgment lien to the extent of

the debtors' exemption on their property, which is $10,000.00.

It is believed that the court's holding in this case has the following implications: (1) the debtors' exemption will be protected from impairment if and when the property is sold for an amount above its estimated value; (2) the court does not have to engage in speculation over the amount of the debtors' equity in the exempt property; (3) the rights of the judgment lienor are not infringed since he has no right to impair any of the debtors' exemption irrespective of the amount of equity which the debtors have in the property; (4) the decision sets clear standards and provides guidance to counsel and their clients on the operation of Section 522(f) and enables them to pattern their affairs accordingly.

## CONCLUSION

The court therefore holds that a debtor may employ Section 522(f)(1) to avoid a judicial lien on exempt property in the amount which he may claim as exempt, regardless of the amount of equity the debtor has in the property.